Commonwealth, Appellant, *v.* Dobkin.

Argued December 4, 1972.   Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *J. David Bean*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellant.

*Louis Lipschitz*, for appellee.

OPINION BY PACKEL, J., March 27, 1973:

The Commonwealth appeals from the suppression of marijuana seized by the police without a warrant from appellee's unlocked car. Two police officers saw what they believed was marijuana on the floor of a car which they were investigating because it was parked peculiarly near a train station. One officer watched the car while he awaited the arrival of a detective from the narcotics squad. The detective arrived with another officer and a field test kit almost one hour later. The detective testified that he positively identified the substance as marijuana by observing the bag through the car window. As the detective was opening the car door and reaching for the marijuana, the appellee approached. He was arrested and kept in the police car while the field test was being performed.

On June 1, 1971, the Supreme Court of Pennsylvania, in *Commonwealth v. Smith*, 443 Pa. 151, 156, 277 A. 2d 807, 810 (1971) cited with approval *Chambers v. Maroney*, 399 U.S. 42 (1970), reh. denied, 400 U.S. 856, which in turn had relied on *Carroll v. United States*, 267 U.S. 132 (1925), for the proposition that "[a] warrantless search of an automobile can be made

even though not 'incident to arrest', 'provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize.' " Twenty days later, however, the Supreme Court of the United States handed down its controversial opinion in *Coolidge v. New Hampshire*, 403 U.S. 443 (1971). The plurality decision added a further qualification as to the requirement of obtaining a warrant, as follows (403 U.S. at 461-2) : "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of the rule of Carroll v. United States—no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' Carroll, supra, at 153, 69 L. Ed. at 551, 39 A.L.R. 790, and the 'automobile exception,' despite its label, is simply irrelevant." In that case, the defendant had already been arrested, the car was parked in front of his home and the car, together with some contents, was claimed to be evidence of the crime. *Coolidge* was followed in *Commonwealth v. Linde*, 448 Pa. 230, 293 A. 2d 62 (1972), where the police knew that the defendant was in the hospital undergoing emergency surgery and the search of the car produced incriminating writings as evidence of the crime.[1]

We distinguish *Coolidge* and *Linde* because of the factual circumstance that the search and seizure in this

---

[1] *See Commonwealth v. Lewis*, 442 Pa. 98, 275 A. 2d 51 (1971), where the search of the vehicle was held invalid because of the lack of probable cause.

case involved actual contraband, and the car was unlocked at a temporary parking place from which it was readily removable. In accord with one or more of these reasons for distinguishing *Coolidge* are *United States v. Morales*, 440 F. 2d 1332 (5th Cir. 1971), cert. denied, 404 U.S. 873 (counterfeit money seen on seat justified jimmied opening of car); *United States v. Menke*, 468 F. 2d 20 (3d Cir. 1972) (contraband being sought, car could have been moved by suspect's family and impractical to get a warrant).[2]

The indirect compliance with constitutional mandates sought by the suppression process does not justify the use of an inflexible test which under particular circumstances may or may not relate to the reasonableness of a search and seizure.

Order of suppression reversed.

---

OPINION PER CURIAM, March 27, 1973:

The foregoing opinion was prepared by Judge PACKEL prior to his resignation. It is now adopted and filed as the opinion of the Court.

---

[2] *Cf. North v. Superior Court*, 8 C. 3d 301 (1972) (12 Crim. L. R. 2232) (4 to 3 decision refusing to follow *Coolidge* because there was no single majority opinion).