416 A.2d 1111

**COMMONWEALTH of Pennsylvania**

v.

**Juan B. RIVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Dec. 21, 1979.

106

John F. Pyfer, Jr., Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

On September 29, 1976, appellant was found guilty by a jury of possession of heroin. On appeal, it is argued that the lower court erred in not suppressing the evidence seized by officers at appellant's apartment without a search warrant.

The following facts are not in dispute: At approximately 6:20 A.M. on the morning of April 23, 1976, four Lancaster City Police and a female narcotics agent arrived at the apartment shared by appellant and his common law wife, Rosa Cruz. The officers had arrest warrants for both. They were admitted to the apartment by a third individual, Raphael Jiminez, and directed to the bedroom where Rivera and Cruz were sleeping. Once awakened, the two were placed under arrest and were permitted to dress under the observation of officers. Once dressed, they were handcuffed and taken from the apartment. Contemporaneous, with appellant being escorted from the apartment, the remaining officers conducted a search of a pile of clothes by the side of the bed where appellant had been sleeping. On the top of the pile was a pair of shorts and Sergeant Grimm, in searching the pockets, found appellant's wallet and two plastic pill bottles containing twenty five foil packets of heroin. It is this evidence which was introduced at trial and to which appellant objects.

 This court is bound by the findings of the suppression court below if those findings are supported by the record. *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977). However, even when considering the facts and testimony below on which the lower court findings are based, in the light most favorable to the Commonwealth as verdict winner, we cannot find the warrantless search of appellant's apartment justified as incident to his arrest.

 It is axiomatic that warrantless searches are per se unreasonable subject only to a few specifically established exceptions. *Commonwealth v. Silo*, 480 Pa. 15, 389 A.2d 62 (1978). One such exception is the search incident to an arrest which is normally limited to the area within the

immediate control of the actor from which he might either gain a weapon or seek to destroy valuable evidence.[1] The justification for such a warrantless search is based on the exigency of these circumstances and not on the fact that the search occurs contemporaneous with arrest as is relied on by the lower court.

The search below, clearly was not based on the officers concern for their own safety or the safety of evidence. The search was conducted after appellant and Cruz were handcuffed and being led from the apartment. No exigent circumstance existed to justify a warrantless search.

The Commonwealth argues that the presence of Jiminez justified the search because he could have destroyed evidence. Such a bare allegation, without more, is insufficient. If, as suggested by the prosecution, there were officers who remained in the apartment to secure it and lock up, there is no reason why a warrant could not have been obtained to allow for a full and lawful search. Also there is no explanation offered as to why no search warrant was obtained prior to the police arrival at the apartment since the arrest was to be made there.

Based on the foregoing, the evidence obtained as a result of the illegal search of appellant's apartment is suppressed.

Judgment of sentence is reversed and the case is remanded for a new trial.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully disagree with the majority. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) at 433 U.S. 14, 97 S.Ct. 2485, provides that a warrantless

1. There are circumstances, however, which may render a seizure reasonable, even though not confined to the area of arrest or the immediate time thereof. Such situations usually involve hospital or station house seizures directed at preserving valuable evidentiary materials. See *Commonwealth v. Gordon*, 431 Pa. 512, 246 A.2d 325 (1968) and *Commonwealth v. Miller*, 247 Pa.Super. 132, 371 A.2d 1362 (1977).

search of the immediate area may be made pursuant to a custodial arrest not only to protect the police officers from the threat of hidden weapons, or to prevent the destruction of evidence, but also to prevent the chance that "evidence may be concealed."

Thus, I would hold that as long as the complained of search is made of the immediate area within the arrestee's control, and is contemporaneous with the arrest, the search is valid.

I would affirm the judgment of sentence.