451 A.2d 724

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dayle A. DUELL.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1981.

Filed Oct. 8, 1982.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellant.

Carmela Presogna, Erie, for appellee.

432

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is a Commonwealth appeal from an order suppressing evidence obtained as the result of an automobile search. For the reasons discussed below, we reverse.

At approximately 11:45 p.m. on April 6, 1980, two police officers stopped an automobile operated by Richard MacBlain for making an illegal turn. Appellant, Doyle Duell, was a passenger in the front seat of the car. One of the officers testified that when Mr. MacBlain rolled down the driver's window, he (the officer) detected an odor of burning marijuana inside the car. He then saw a partially full bottle of wine on the floor of the car. Having determined that Mr. MacBlain was under the age of 21, the officer decided to cite him for underage drinking. The officer then reached into the car and pulled out a brown paper bag which was on the front seat next to appellant. Upon opening the bag, the top of which had been rolled down, the officer discovered what he believed to be marijuana. At that point, both Mr. MacBlain and the appellant were arrested. It was later established that the bag contained approximately 177 grams (6 oz.) of marijuana. Soon after the arrest, appellant volunteered a statement to the effect that the marijuana was his and that Mr. MacBlain should not be charged in connection with it.

Appellant was charged with the offense of possession with intent to deliver marijuana. He made a pre-trial motion to suppress both the marijuana seized from the car and the statement made to police admitting that the marijuana was his. A hearing was held on the motion, following which the lower court entered an order granting the motion and ordering the evidence suppressed. The Commonwealth then filed this appeal.

We feel that this case is controlled by the recent decision of the United States Supreme Court in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

The court there held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle that is as thorough as a magistrate could authorize by warrant. The court stated that the scope of a warrantless search of an automobile "is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." 102 S.Ct. at 2172, 72 L.Ed.2d at 593.

In the instant case, the police officers, having legitimately stopped the automobile for a traffic violation, detected a strong odor of marijuana and observed an open wine bottle on the floor of the car. They had probable cause to believe that the car might contain further contraband in the form of marijuana or alcohol. *Commonwealth v. Pullano,* 295 Pa.Super. 68, 440 A.2d 1226 (1982); *Commonwealth v. Stoner,* 236 Pa.Super. 161, 344 A.2d 633 (1975). They were therefore justified in searching the interior of the car, including any containers which might reasonably be thought to contain such contraband. Under the holding in *Ross,* the seizure of the brown paper bag was not illegal.

It is true that, in holding as it did in *Ross,* the Supreme Court overruled its decision in the case of *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), under which the search made in the instant case may, indeed, have been illegal. As the Supreme Court pointed out in *Ross,* though, "it is clear that no legitimate reliance interest can be frustrated by our decision today." 102 S.Ct. at 2172, 72 L.Ed.2d at 593. This is so because "[a]ny interest in maintaining the status quo that might be asserted by persons who may have structured their business of distributing narcotics or other illicit substances on the basis of judicial precedents clearly would not be legitimate." 102 S.Ct. at 2172, n. 33, 72 L.Ed.2d at 593, n. 33.

Since the search conducted in the instant case, viewed in light of the most recent pronouncement of the United States

434

Supreme Court, was not illegal, the evidence obtained as a result of the search need not be suppressed.

Order reversed.