460 A.2d 350

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Reid EVANS.**

Superior Court of Pennsylvania.

Argued June 7, 1982.
Filed May 13, 1983.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Natale F. Carabello, Jr., Philadelphia, for appellee.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

18

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Criminal Section, Trial Division, and involves a Commonwealth appeal from an order of the court below which granted the defendant's motion to suppress evidence. Without the suppressed evidence the Commonwealth will be unable to prosecute the case. See, *Commonwealth v. Lapia*, 311 Pa.Superior Ct. 264, 457 A.2d 877 (1983).

On July 30, 1980 at 2:57 P.M., two plainclothes police officers were operating an unmarked patrol car in a public parking lot in Philadelphia. As they drove through the parking lot they observed the defendant operating a 1978 Chevrolet Monte Carlo in the parking lot. Another male accompanied the defendant in the vehicle as a passenger in the right front seat. As the Monte Carlo approached the officers' vehicle the defendant looked directly at the officer whereupon he suddenly stopped the Monte Carlo so violently that the whole car vibrated. The defendant and his male passenger immediately departed the vehicle leaving it right where it was stopped and began moving away from the vehicle, each proceeding in a different direction. Before moving away the male passenger threw a screwdriver he had been carrying underneath the vehicle.

Upon observing this behavior, Officer Stephen Speck, one of the officers in the patrol car, approached the defendant when he was approximately twenty-five feet from the Monte Carlo and asked him what he was going to do with the car. The defendant answered by stating that the car was not his whereupon the officer walked him back to the Monte Carlo and noticed that its steering column was "broken out", the car was "messed up" and that it had been "hot wired." He then determined that the vehicle was owned by a Joyce Austin. The Monte Carlo, the screwdriver, and certain statements made by the defendant were obtained by the police as evidence. Defendant was later charged with theft by unlawful taking or disposition, theft by receiving stolen property, unauthorized use of a motor

vehicle, possessing instruments of crime, and criminal conspiracy.

The defendant made an untimely motion to suppress the evidence immediately prior to trial. The Commonwealth objected to the motion as it was not made in conformity with the Rules of Criminal Procedure, however, the court below agreed to hear the motion "in the interest of justice". The aforementioned facts were produced at the suppression hearing. After the hearing the court below granted the defendant's motion and suppressed the physical evidence of the Monte Carlo and the screwdriver. It also suppressed the statements made by the defendant to the police as the product of an unlawful search by the police. The court characterized the Commonwealth's evidence as establishing only that "two men (were) in the car, driving a car. There is nothing suspicious about that." The court then reasoned that the officers' actions in talking to the defendant and looking into the vehicle and observing the broken steering column and "hot-wiring" job were unlawful. The Commonwealth then appealed.

At the outset we note that the defendant's suppression motion was based solely on his claim that the officer acted unlawfully when he approached the defendant. Thus, the issue at hand is whether the officer did act unlawfully when he approached the defendant to inquire as to what he intended to do with the car.

Absent probable cause to arrest, an officer may stop a person to question him whom he reasonably believes is committing, has committed, or is about to commit a crime. If necessary, the officer may briefly detain such a person while obtaining more information. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Thus, an officer need not have probable cause to arrest someone in order to conduct a brief, investigatory inquiry. *Commonwealth v. King*, 247 Pa.Superior Ct. 443, 372 A.2d 908 (1977). To rule otherwise would mean that a police officer, lacking probable cause to arrest, would be forced to allow a

crime to be committed or a suspect to escape even though he had reasonable suspicion to believe that such was occurring. Any such ruling would render police officers helpless to prevent crimes from occurring or suspects from escaping. Fortunately such is not the law of Pennsylvania nor has it ever been.

The issue then is not whether the police officer. had probable cause to arrest the defendant when he approached him but whether the defendant's actions had aroused a "reasonable suspicion" in the officer's mind, justifying his initial questioning of the defendant. We find that they did.

 Contrary to the lower court's finding that all defendant had been doing was "driving a car", the testimony reveals that defendant, upon observing the police officers, brought the vehicle he was operating to an abrupt halt in the driving lane of the public parking lot. He stopped the vehicle so suddenly that the entire car vibrated. He then departed the vehicle and began to move away from it. The male passenger in the vehicle also departed the car and began moving away from it in the opposite direction. Before moving away from the car he threw a screwdriver underneath it. Upon observing all of this, the officer was certainly justified in suspecting that some type of criminal activity was afoot and that the defendant might be involved in it. At the very least the officer was justified in approaching the defendant and asking him what he intended to do with the car. Surely there was nothing unlawful about asking that question of the defendant under the aforesaid circumstances. When the defendant then informed the officer that he was not the owner of the car the officer was justified in walking the defendant back to the vehicle to make further inquiries. In fact he had the duty to do so and he would have been derelict to do less. Thus, when the officer approached the Monte Carlo and observed the broken steering column and "hot-wiring" job he was lawfully in a position to observe same which were in "plain view" to anyone standing outside the vehicle. Objects falling in the plain view of an officer who has a right to be

in the position to have a view are admissible evidence. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The officer had a right to be standing outside a vehicle parked in the driving lane of a public parking lot. He would have had the right even had he not observed what he did of defendant's previous behavior. Thus, we find that the officer did nothing unlawful in observing the condition of the steering mechanism and the hot-wiring job inside the car. The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. *Adams v. Williams,* supra. Furthermore, we find that the totality of the circumstances surrounding this incident gave the officer sufficient grounds to stop the defendant initially and that his later observations gave him probable cause to arrest the defendant. As such we reverse the order of the court below suppressing the aforesaid evidence and hold that said evidence is admissible at trial.

Order reversed and case remanded for trial.