471 A.2d 1223

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kevin Marshall STAINBROOK.**

Superior Court of Pennsylvania.

Argued March 10, 1983.

Filed Jan. 13, 1984.

Reargument Denied March 23, 1984.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Bruce E. Cooper, Harrisburg, for appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

■ The Commonwealth appeals from an Order suppressing evidence [1] entered by the Honorable G. Thomas Gates, Court of Common Pleas, Lebanon County.

---

1. Since the Order suppressing the evidence terminates or substantially handicaps the prosecution, such Order is immediately appealable by the Commonwealth. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d

On October 23, 1981, at approximately 11:40 P.M., Patrolman Louis Laguna of the North Londonderry Township Police Department was on routine patrol. He was accompanied by Police Chief Eldon Beachley. As part of this routine patrol, Officer Laguna drove into the parking lot of the Palmyra Bowling Alley to make sure that there was no loitering in the lot.[2] At one end of the parking lot was parked a truck in which sat the appellant and another person. As Officer Laguna approached the truck he detected the odor of burning marijuana and, at the same time, observed the appellant bend over abruptly as if to stuff something underneath his seat. Upon Officer Laguna's request, the two men presented identification. At this point, Officer Laguna noticed that appellant's jacket, located on the floor of the truck, appeared to be concealing something. He asked the appellant to lift up the jacket. The appellant did this but quickly dropped it. Officer Laguna asked him again to lift the jacket and the appellant complied, this time exposing a plastic bag containing marijuana. Officer Laguna then read the appellant his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and placed him under arrest. Upon arrival at the police station, the appellant's jacket was searched and in it were found six small plastic bags, a pipe and a scale. Appellant was charged with one count of possession of a controlled substance[3] and one count of possession of a controlled substance with intent to deliver.[4]

304, *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); *Commonwealth v. Lapia,* 311 Pa.Super. 264, 457 A.2d 877 (1983).

**2.** The record discloses that Officer Laguna and Chief Beachley routinely patrolled this parking lot. Officer Laguna testified at the suppression hearing that, "he asked us, as the police department, to try to stop some of the loitering, due to all the broken beer bottles and things found every morning on the lot." (N.T. December 29, 1981, at 12). Officer Laguna also testified that loitering signs were posted on the doors of the bowling alley. *Id.*

**3.** 35 P.S. § 780–113(16).

**4.** *Id.* § 780–113(30).

The appellant filed a motion to suppress the marijuana and drug paraphernalia on the ground that such evidence was seized pursuant to an illegal search and arrest. Following a hearing conducted on December 29, 1981, appellant's motion was granted.

On appeal, the Commonwealth contends (1) under the circumstances of this case, Officer Laguna was justified in conducting a warrantless search of the appellant's automobile; (2) the appellant voluntarily consented to the search of his automobile; and (3) the search of the appellant's jacket was valid as incident to a lawful arrest.

The deciding factor in determining whether a warrantless search of a motor vehicle is constitutionally permissible is the existence of reasonable or probable cause. *Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Dobkin,* 223 Pa.Super. 432, 302 A.2d 457 (1973). Moreover, in considering the reasonableness of a given search or seizure of a vehicle, the need for a warrant is often excused by exigent circumstances. *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978). Such a search is justified because (1) a vehicle is highly mobile and the likelihood is therefore great that it and its contents may never be found if police are prohibited from immobilizing it until a warrant is secured; and (2) one's expectation of privacy with respect to a motor vehicle is significantly less than that relating to one's home or office. *Id.* Furthermore, where an officer who has not intruded into a constitutionally protected area sees contraband in plain view, such evidence may be seized without a warrant. *Commonwealth v. Pullano,* 295 Pa.Super. 68, 440 A.2d 1226 (1982).

We agree with the Commonwealth that Officer Laguna was justified in conducting a search of the appellant's truck. In addition to observing the furtive behavior of the appellant who appeared to be stuffing something under his seat, Officer Laguna detected the order of burning marijuana. At the suppression hearing, he testified that it was part of his training at the police academy to be able to

identify marijuana by its sight and smell. The Supreme Court of the United States has held that an odor may be sufficient to establish probable cause for the issuance of a search warrant. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), as cited in *Commonwealth v. Stoner*, 236 Pa.Super. 161, 344 A.2d 633 (1975). In *Commonwealth v. Stoner, Id*, this court stated that the rationale used to establish probable cause in those Supreme Court cases applies equally well when determining the validity of a search of a movable vehicle. In *Stoner*, we analogized a "plain smell" concept with that of plain view and held that where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause. See also *Commonwealth v. Pullano, supra; Commonwealth v. Trenge*, 305 Pa.Super. 386, 451 A.2d 701 (1982). In the instant case, it is undisputed that the police officers' presence in the parking lot was justified as part of their routine patrol. They had been requested by the owner of the lot to watch for loitering. Moreover, the officers were on notice of repeated incidents of loitering in the lot, and, while they were driving past the lot, they observed the appellant and another man seated in a truck. Thus, they were justified in approaching the vehicle. We find, as we did in *Stoner, supra*, that it would have been a dereliction of duty for Officer Laguna "to ignore the obvious aroma of an illegal drug which he was trained to identify." *Id.*, 236 Pa.Superior Ct. at 166, 344 A.2d 635. We hold, therefore, that there was probable cause to search the appellant's truck and to seize the marijuana found therein.

We also agree with the Commonwealth's next argument regarding the search of the appellant's jacket. The law is clear that a warrantless search is proper if incident to a lawful arrest. *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 449 A.2d 47 (1982); *Commonwealth v. Rivera*, 273 Pa.Super. 105, 416 A.2d 1111 (1979). A warrantless arrest is lawful if the facts and circumstances within the arresting officer's knowledge are such as would warrant a person of

reasonable caution to believe an offense has been or is being committed and the person to be arrested is probably the perpetrator. *Commonwealth v. Plusquellic, supra; Commonwealth v. Bartlett*, 486 Pa. 396, 406 A.2d 340 (1979). Under the circumstances of this case which include the surreptitious behavior of the appellant, the odor of burning marijuana and the discovery of the marijuana underneath the appellant's jacket, we believe that there was probable cause to arrest the appellant. The subsequent search of the appellant's jacket and the seizure of the evidence contained therein, were, therefore, valid as incident to this lawful arrest.

In light of the foregoing considerations, we believe that is unnecessary to determine whether the appellant voluntarily consented to the search of his truck.

The Order of the court below is reversed and this case is remanded for trial. This court does not retain jurisdiction.

BECK, J., files dissenting opinion.

BECK, Judge, dissenting:

I dissent because in my determination the warrantless search of appellee's vehicle was unconstitutional. The majority justifies the search of the automobile on the basis of the "plain smell" of marijuana, in an analogy with the doctrine of "plain view." The majority reasons that the police were justified in being where they were, and that the odor of marijuana was sufficient to establish probable cause for a warrantless search.

There is no argument that the police were legitimately pursuing their duties in patrolling the parking lot for loiterers. There is also no argument that appellee was not a loiterer in the lot. He was seated in a legally parked vehicle. The police approached the vehicle, which was parked at the far side of the parking lot from them, before any odor of an illegal substance had been detected. At trial, this initial approach, and its justification, were described thus:

Q. Now, did you speak with the persons in that vehicle?

A. I approached the vehicle, and, as I approached the vehicle, I saw the defendant and the other person seated in the passenger seat bent over what appeared to be stuffing something down at, in—

MR. COOPER: Objection

A. —the lower part of the seat.

THE COURT: Well, it is a conclusion, yes. N.T. 10

Appellant now argues that this "furtive behavior" and the "plain smell" of marijuana justified the search, but no where in the record, and certainly not in the portion quoted above has appellant established a legitimate basis for the original approach.

I submit that "furtive behavior" to justify a police stop and search must be something more than bending forward while seated in a parked car. Appellee's movement does not constitute "such unusual and suspicious conduct ... that the policeman may reasonably conclude that criminal activity may be afoot....". *Commonwealth v. Barnett*, 484 Pa. 211, 215, 398 A.2d 1019, 1021 (1979), quoting *Commonwealth v. Berrios*, 437 Pa. 338, 340, 263 A.2d 342–3 (1970).

I find an instructive distinction between the situation in this case and two recent cases decided by our Court concerned with motions to suppress evidence seized from cars in parking lots. In *Commonwealth v. Evans*, 314 Pa.Super. 16, 460 A.2d 350 (1983), we reiterated the rule that an officer who lacks probable cause for arrest may nevertheless detain a person for questioning if the officer has a reasonable suspicion that a crime has occurred, or was occurring. In that case, also involving a public parking place, we upheld the police action and denied a motion to suppress seized evidence. In *Evans*, the police observed the car come to a sudden stop in the driving lane of the parking lot, saw the driver and passenger depart suddenly in opposite directions, and observed that one of them threw a screwdriver under the car while departing. That officer was justified in approaching the defendant and asking him what he intended to do with the car.

Similarly, in *Commonwealth v. Benedetto*, 316 Pa.Super. 134, 462 A.2d 830 (1983) the police officer approached the car because he observed a man whom he had known for sixteen years pull into a parking lot in a heavily damaged car. Concerned about the driver's safety, the officer approached to ask him if assistance was needed. We found that reasonable behavior under the circumstances.

In the instant case, I do not believe the police had a valid reason to approach the car in the first instance. Nothing unusual giving rise to a suspicion of probable cause, or giving rise to a conclusion the police services were necessary had occurred. When they did approach the car, the police's claim of furtive behavior on the part of the occupants giving rise to probable cause does not stand the test. The police placed themselves in an investigative posture that can not lawfully be supported. They therefore can not justify their action on the basis of the doctrine of plain smell. They cannot piggy back an unlawful action onto a lawful one in order to make the search lawful.

The "plain view" doctrine was elaborated in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) where the Supreme Court wrote:

> What the "plain view" cases have in common is that the police officer in each of them had a *prior justification for an intrusion* in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. (At 466, 91 S.Ct. at 2038, 29 L.Ed.2d at 583) (emphasis added).

The first and most fundamental prerequisite to reliance upon "plain view" is that the initial intrusion which brings the police within the plain view of the article is itself lawful. "The 'plain view doctrine' is applicable only where the

officer has a right to be in the position to have that view." *Commonwealth v. Murray*, 460 Pa. 53, 59, 331 A.2d 414, 417 (1975). So too with "plain smell."

In *Commonwealth v. Stoner*, 236 Pa.Super. 161, 166, 344 A.2d 633, 635 (1975) this Court quoted *United States v. Curran*, 498 F.2d 30, 33 (9th Cir.1974):

"The government touches upon the theory sometimes advanced that the courts should acknowledge a 'plain smell' concept analogous to that of plain sight.... However, before the officer could rely upon his smelling marijuana as probable cause, he would have to justify his presence at the place ... where he detected the odor, just as he would have to justify his presence at the place from which he saw the contraband in order to rely on the doctrine of plain view." (236 Pa.Superior Ct. 166, 344 A.2d at 635).

Since I am unconvinced that the police were constitutionally questioning the occupants of the legally parked vehicle, I am unable to apply the "plain view/plain smell" analogy to these facts.

Certainly police officers may rely upon their sense of smell in deciding whether burning marijuana is present. But odors alone do not authorize a search without a warrant. Pennsylvania cases which have incorporated the "plain smell" doctrine make this point clear. In *Stoner*, *supra*, the police stopped a moving vehicle for a traffic violation and observed a .38 calibre weapon fall out of the glove compartment when the occupant of the car was producing the registration card. The odor of marijuana was detected after the suspects had been placed under arrest, and was the justification for a subsequent more extensive search of the car. The other cases cited by the majority to support the car search emphasize the same application of the doctrine. In *Commonwealth v. Pullano*, 295 Pa.Super. 68, 440 A.2d 1226, 1227 (1982) the police were investigating a raucous party in an apartment building, and smelled the odor of burning marijuana when they knocked on the door. When the door to the apartment was opened, drug paraphernialia and marijuana cigarettes were found in

420

█

plain view. In *Commonwealth v. Trenge*, 305 Pa.Super. 386, 451 A.2d 701 (1982) the police were searching for two truant juveniles, both known to them. An officer recognized one of the juveniles, approached him, and simultaneously smelled burning marijuana and observed a pipe stem in plain view in one of the truant's pockets.

In addition to these cases cited by the majority, *Commonwealth v. Duell*, 305 Pa.Super. 431, 451 A.2d 724 (1982) illustrates the same concept. Police stopped an automobile for making an illegal turn. When the driver rolled down the window, the officer detected the odor of burning marijuana and saw a partially full bottle of wine in plain view on the floor of the car. The driver, under the age of twenty-one, was cited for under-age drinking. The police also saw a bag on the front seat of the car which contained marijuana. We held that the police had legitimately stopped the automobile and were justified in searching the vehicle for further contraband.

In the instant case, there was no traffic violation, no disturbance of the peace, nor any observed behavior which was inconsistent with an innocent presence in the parking lot. I agree with the lower court that the police lacked probable cause for the search of the vehicle, and I would therefore affirm the order granting the motion to suppress the seized evidence.