J-S13006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER BAILEY, | |
| Appellee | No. 1412 EDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000202-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:      **FILED JULY 17, 2017**

I respectfully disagree with the Majority that the evidence presented at the suppression hearing was sufficient to demonstrate that Officer Copestick had probable cause to search Bailey's vehicle for more marijuana. Therefore, I dissent.

Initially, I feel it is important to point out that Officer Copestick testified at Bailey's suppression hearing that he opened the car's console because he "believed that there ***could have been*** more marijuana in the vehicle." N.T. Suppression Hearing, 4/12/16, at 11 (emphasis added). This testimony failed to demonstrate that the officer had "more than a mere suspicion or a good faith belief" that additional marijuana would likely be

_____

[*] Former Justice specially assigned to the Superior Court.

found in Bailey's vehicle. *Commonwealth v. Copeland*, 955 A.2d 396, 400 (Pa. Super. 2008) ("[T]he evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer."). As enunciated by the United States Supreme Court, an officer is required to have "probable cause … to believe [the vehicle] *contains* contraband" before conducting a warrantless search, not probable cause to believe the vehicle *could contain* contraband. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (emphasis added).

I also would affirm the trial court's order granting suppression because I find distinguishable the three main cases on which the Commonwealth relies to support its position that Officer Copestick possessed probable cause to search Bailey's car. In each of those cases, the police officer articulated specific facts demonstrating his probable cause to believe that *more* contraband was in the vehicle. *See Commonwealth v. Bailey*, 545 A.2d 942, 943 (Pa. Super. 1988) (concluding the officer had probable cause to search the trunk of a vehicle for more drugs where the trooper "detected a 'chemical-type smell[,]'" despite that the appellant and the drugs he had on his person were no longer in the car); *Commonwealth v. Duell*, 451 A.2d 724, 725 (Pa. Super. 1982) (finding that officers had probable cause to search a brown paper bag found in Duell's vehicle where they smelled a strong odor of marijuana, but had only seen open wine bottles in plain view); *Commonwealth v. Stoner*, 344 A.2d 633, 634, 635 (Pa. Super. 1975) (holding that an officer had probable cause to search Stoner's vehicle

where he smelled "a very strong odor of marijuana coming from inside the car[,]" yet he only observed marijuana seeds and leaves in plain view inside the vehicle, and the officer testified that "he was certain that the odor was too strong to be coming from the small amount of the drug he could see").

I recognize that in all three of the above-cited cases, certain illegal items were discovered by the officers before their search was conducted. However, the officers in **Stoner** and **Duell** had **not** found the marijuana that they believed was emitting the odor that they smelled, and the officer in **Bailey** continued to smell a 'chemical-type' odor emanating from the vehicle even after removing the appellant and the drugs he was carrying on his person. In other words, in each of these cases, the officer articulated facts to demonstrate his probable cause to believe that there was additional contraband in the car that he had yet to find.

To the contrary, in this case, Officer Copestick smelled fresh marijuana and then he ***found a bag of fresh marijuana*** in plain view in the vehicle. The officer never testified that he continued to smell marijuana in the car after Bailey and that bag of marijuana were removed. He also never stated that the small amount of marijuana in the bag did not align with the strength of the odor of marijuana that he smelled. In other words, Officer Copestick did not provide any specific facts that led him to conclude there was more marijuana, or some other contraband, contained in Bailey's car. Instead, the officer simply stated that he believed more marijuana 'could be' inside the vehicle because he had found one bag already. In my view, this

testimony was insufficient to establish that the officer had probable cause to conduct the warrantless search of Bailey's vehicle.[1]   Therefore, I would affirm the trial court's order granting Bailey's motion to suppress.

---

[1] I also disagree with the Majority's conclusion that the search of Bailey's vehicle was "justified as a search incident to arrest."  Majority at 8 n.3. While conceding that the Commonwealth did not raise any such argument in its brief, the Majority finds this omission "not dispositive," relying on *In re I.M.S.*, 124 A.3d 311 (Pa. Super. 2015).  *Id.* ("In *In re I.M.S.*, this Court found that a search incident to arrest would have been legal, despite the issue not being presented in the Commonwealth's brief.").  However, in *In re I.M.S.*, the Commonwealth was *not* the appellant, and this Court was *affirming* the trial court's decision, which we have the authority to do "on any valid basis, as long as the court came to the correct result…." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 577 n.4 (Pa. Super. 2005) (citations omitted).  Here, however, the Majority creates an argument *for the appellant*, *i.e.*, the Commonwealth, and would *reverse* the trial court's decision on that basis, but for reversing on other grounds.  This is improper. *See, e.g., Wiegand v. Wiegand*, 337 A.2d 256, 257 (Pa. 1975) (holding that issues neither raised nor preserved for appellate review are waived and may not constitute the basis for reversal of a trial court's decision); *see also Knarr v. Erie Insurance Exchange*, 723 A.2d 664 (1999) (holding that if an appellant fails to present an issue on appeal, the Superior Court is not permitted to address it, even if a trial court's disposition was fundamentally wrong); *Phillips Home Furnishings, Inc. v. Continental Bank*, 354 A.2d 542 (Pa. 1976) (stating that the Superior Court is not permitted to reverse a case based on a claim not raised by the appellant).