**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN ANTONIO BLACKWOOD, | |
| Appellant | No. 64 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 30, 2018
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000708-2017

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 30, 2019**

Appellant, Stephen Antonio Blackwood, appeals from the judgment of sentence of an aggregate term of 6-23 months' incarceration, followed by 3 years' probation, imposed following his conviction for possession with intent to deliver (PWID)[1] marijuana and related offenses. Appellant challenges the trial court's denying his motion to suppress, as well as the sufficiency of the evidence supporting his PWID conviction. After careful review, we affirm.

The trial court has failed to provide this court with a summary of the facts adduced at trial. However, it did summarize the facts adduced at Appellant's suppression hearing as follows:

> At the evidentiary hearing, Trooper Joseph Watkins testified, in relevant part, that he was monitoring traffic along Interstate 99

---

[1] 35 P.S. § 780-113(a)(30).

in Bedford County on October 3, 2017. While doing so, he observed a vehicle drive by him in the left lane[,] which he viewed to have dark window tint. Trooper Watkins testified that the vehicle had "extremely dark window tint" and th[at] he "couldn't identify the driver at all." [N.T. Suppression, 2/23/18, at 9.] The Trooper effectuated a stop o[f] the vehicle due to the window tint and made contact with [Appellant] after he pulled his vehicle over.

Upon making contact with [Appellant,] Trooper Watkins testified that [Appellant] appeared slightly nervous, that was "too much for just a regular traffic stop." *Id.* at 10. Trooper Watkins testified that he noticed a strong odor of air freshener and a faint odor of marijuana coming from inside the vehicle. The Trooper testified that, in his opinion, the air freshener scent was pungent enough to be a masking scent to cover up the smell of marijuana. The Trooper testified that he could smell marijuana from the other side of the vehicle as well. When Trooper Watkins confronted [Appellant] about the smell of marijuana, [Appellant] initially denied the smell, but eventually stated that he believed he smoked marijuana the day prior to the traffic stop. *Id.* at 12. The Trooper then advised [Appellant] that he would be performing a warrantless search of the vehicle. Upon searching the vehicle, the Trooper smelled marijuana coming from the glove box and eventually found marijuana, cocaine,[2] and drug paraphernalia after opening the glove box. After seizing the controlled substances, the Trooper placed [Appellant] under arrest and had [his] vehicle towed.

The next day, the Trooper visited the lot where [Appellant]'s vehicle was towed and tested the tint on [Appellant]'s vehicle['s] windows. The Trooper testified that … [Appellant]'s driver's side window tested at 28 percent visibility. The Trooper testified that he initially pulled over [Appellant]'s vehicle to investigate the window tint and that, at the location he was sitting on Interstate 99, the window tint meter was located at the Pennsylvania State Police Barracks approximately three miles away. Trooper Watkins testified credibly as to the testimony recited above …. [Appellant] testified briefly at the evidentiary hearing on the limited issue of the window tint on his vehicle. [Appellant] admitted that his

_____

2 Trooper Watkins merely suspected the white powdery substance was cocaine, but it ultimately tested negative for cocaine. N.T. Trial, 10/11/18, at 38.

vehicle did have window tint and did not dispute the percentage of visibility testified to by the Trooper.

Suppression Opinion, 8/14/18, at 2-4 (footnotes omitted).

Trooper Watkins was the Commonwealth's only witness at Appellant's non-jury trial. As noted by Appellant:

Trooper Watkins proceeded to testify as a fact witness with respect to the same observations that he made and testified to at the February 23, 2018 Suppression Hearing, with a few additional details relevant to the instant appeal.

First, Trooper Watkins testified that when Appellant was back at the police barracks he asked Appellant if he was a "big fish[,"] at which time Appellant apparently said that he was "just a little fish[,"] [N.T. Trial at 42]; however Trooper Watkins never offered any testimony or clarification as to what being a "little fish" actually means in the context of being a drug user[] versus a drug dealer.

Regarding the $5,050.00 that was seized from Appellant's vehicle, Trooper Watkins testified that Appellant stated that he got these monies by "being dishonest." [*Id.*] Regarding the condition of the seized currency, Trooper Watkins testified that this money consisted of large, crisp bills that were similar to the bills that Trooper Watkins keeps in his gun safe at home. [*Id.* at 49.]

With respect to the packaging of the marijuana at issue, Trooper Watkins testified that there were five (5) plastic bags of "bud" marijuana. [*Id.* at 50.] Trooper Watkins testified that each of the five (5) bags contained a different amount of marijuana; however he was not aware of how much marijuana was in each bag. [*Id.*] In addition to the "bud" marijuana, there were four (4) commercially packaged THC cartridges. [*Id.* at 52-53.]

Similarly, Trooper Watkins admitted that he did not know if the marijuana contained in each of the five (5) bags w[as] the same or different types/strands of marijuana, and also acknowledged that marijuana users like to consume different types/strands of marijuana. [*Id.* at 51.]

> Trooper Watkins testified that he charged Appellant with [PWID] the marijuana at issue "because of the weight of the marijuana [and] how it was packaged." [*Id.* at 39.] However, Appellant did not possess any items typically associated with drug distribution, including scales, packaging material (other than the ones already containing the marijuana), or "owe sheets[."] [*Id.* at 53.]
>
> Trooper Watkins also seized Appellant's cell phone; however he never conducted a search of its contents. [*Id.* at 54.] In contrast, Trooper Watkins seized a marijuana grinder from Appellant's vehicle, which, according to Trooper Watkins, is an item of paraphernalia consistent with personal use. [*Id.* at 52.]

Appellant's Brief at 15-17.[3] Additionally, at trial, Appellant stipulated to the lab results showing "the items that were tested contained 5.177 grams of marijuana and 7.53 grams of THC…." N.T. Trial at 6.

The trial court convicted Appellant of PWID, possession of a controlled substance, 35 P.S. § 780-113(a)(16), possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31)(i), possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and illegally-tinted windows, 75 Pa.C.S. § 4524(e)(1). On November 30, 2018, the court sentenced Appellant to 6-23 months' incarceration and a consecutive term of 3 years' probation for PWID. The court imposed only fines and costs, or no further penalty, at each of the remaining offenses.

---

[3] After reviewing the trial transcript, we conclude that Appellant's summary of the facts accurately reflects Trooper Watkins' testimony at trial. As noted, the trial court did not provide a summary of the facts adduced at trial. Additionally, the Commonwealth failed to file a brief in this case.

Appellant timely filed a post-sentence motion, which the court denied on December 11, 2018. Appellant subsequently filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) statement on April 9, 2019, indicating that it was would rely on its August 14, 2018 suppression opinion.[4]

Appellant now presents the following questions for our review:

I. Whether the [t]rial [c]ourt erred in denying Appellant's motion to declare the search and seizure at issue illegal under Article 1, Section 8 of the Pennsylvania Constitution as well as the Fourth and the Fourteenth Amendments of the United States Constitution and suppress all evidence and fruit of the poisonous tree that was derived therefrom since the arresting officer did not possess the requisite probable cause to conduct a warrantless search of Appellant's vehicle?

II. Whether the [t]rial [c]ourt erred in denying Appellant's [m]otion [f]or [judgment] of [a]cquittal with respect to Count #1 ([PWID] [m]arijuana) due to insufficient evidence being presented at [t]rial to enable the fact-finder to properly find that Appellant possessed the marijuana at issue with the specific intent to distribute the same, and where Appellant was found to have possessed the same unit of marijuana for personal use only beyond a reasonable doubt?

Appellant's Brief at 7.

We will address Appellant's claims in reverse order for ease of disposition. Thus, we first consider Appellant's sufficiency claim.

_____

[4] The trial court failed to address any other issues in its Rule 1925(a) opinion, other than to state that in "regards to [Appellant]'s other issues, we respectfully refer the appellate court to the relevant portions of the trial and sentencing transcripts." Trial Court Opinion, 4/9/19, at 1.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Appellant asserts that the evidence is insufficient to support his conviction for PWID-marijuana, because it is ostensibly inconsistent with his conviction for possessing a small amount of marijuana for personal use.[5] He contends that

under the very specific circumstances of this case where the Commonwealth never identified what amount of the controlled substance at issue was intended for delivery and what amount was intended for personal use, it would be factually and legally

---

[5] To the extent Appellant argues that the individual facts presented at trial do not support a PWID conviction, we deem those matters waived. In Appellant's Rule 1925(b) statement, he raised two sufficiency claims regarding the alleged incompatibility of a PWID-marijuana conviction and a possession-of-marijuana-for-personal-use conviction. In neither instance did he raise the numerous individual arguments he now makes in his brief regarding the nature of the packaging, the total amount of marijuana seized, his possession of use paraphernalia, and the absence of distribution paraphernalia. *See* Appellant's Rule 1925(b) Statement, 1/28/19, at 1-2 ¶¶ I, III. Appellant did raise such concerns in the context of a weight-of-the-evidence claim. *See id.* at 2 ¶ III. However, Appellant has abandoned his weight claim on appeal, and cannot now incorporate such matters under the rubric of a sufficiency claim. "Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

> impossible for Appellant to simultaneously possess this single unit of marijuana with these two mutually exclusive intentions.

Appellant's Brief at 32. Appellant further believes that "the Commonwealth actually proved, beyond a reasonable doubt, that Appellant possessed the marijuana at issue **for personal use <u>only</u>**, which effectively rendered a finding that Appellant possessed the same marijuana with the specific intent to deliver the same insufficient." **Id.** at 37 (internal citation omitted, emphasis in original).

Appellant is not entitled to relief. First, as a purely logical matter—assuming for a moment that the case law does not clearly weigh against Appellant's argument as discussed below—it is not clear why the Commonwealth had not disproven the possession-of-marijuana-for-personal-use offense by proving, beyond a reasonable doubt, the offense of PWID-marijuana, rather than vice versa, following Appellant's strained reasoning. It appears merely self-serving for Appellant to challenge his PWID conviction rather than his possession-for-personal-use conviction in that regard. Moreover, Appellant assumes, incorrectly, that PWID and possession for personal use have wholly incompatible *mens rea* elements. Appellant could have intended the aggregate amount of marijuana in part for personal use and in part for distribution.[6] Accordingly, we ascertain no logical discrepancy between PWID and possession for personal use, especially where, as here, it

---

[6] In this regard, the only *mens rea* that is truly inconsistent with PWID is not possession intended for personal use, but the absence of an intent to possess the substance for any purpose whatsoever.

is undisputed that Appellant's marijuana was packaged in five separate baggies, where he also had four separate THC vaping devices, and where he had all these items in close proximity to an extremely large amount of cash.

Second, it is now axiomatic in this Commonwealth that inconsistent verdicts do not render the evidence insufficient with regard to any specific conviction. "[U]nder longstanding federal and state law, [inconsistent verdicts] are allowed to stand so long as the evidence is sufficient to support the conviction." *Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012). Here, Appellant effectively concedes that the evidence was sufficient to support his possession-for-personal-use offense. With regard to the PWID-marijuana offense:

> In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citation omitted).

Here, in determining that the evidence was sufficient to support PWID, the trial court stated: "My review of the evidence based on how they were packaged, where they were kept, and the money that was kept along with him, those all indicate to me[,] … beyond a reasonable doubt[,] that he possessed these with the intent of delivering them or selling them." N.T. Trial

at 76. We ascertain no legal error in the trial court's reasoning. Although we acknowledge that the total amount of controlled substances seized and Appellant's possession of paraphernalia were factors consistent with personal use, the separate packaging of the drugs and the large sum of cash were factors consistent with an intent to distribute. Thus, there was evidence supporting both an intent to distribute and an intent to possess the marijuana for personal use, and it was exclusively for the factfinder to address the weight of the evidence. Our standard of review dictates that we "view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences…." *Widmer*, 744 A.2d at 751. It was reasonable to infer from the circumstances of this case that Appellant possessed the seized contraband with the intent to sell or distribute it. Accordingly, Appellant's sufficiency claim fails.

Appellant also contends that the trial court abused its discretion when it denied his motion to suppress.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it

is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783–84 (Pa. Super. 2012) (cleaned up).

> As a general rule, for a search to be reasonable under the Fourth Amendment or Article I, Section 8 [of the Pennsylvania Constitution,] police must obtain a warrant, supported by probable cause and issued by an independent judicial officer, prior to conducting the search. This general rule is subject to only a few delineated exceptions, including the existence of exigent circumstances.

*Commonwealth v. Gary*, 91 A.3d 102, 107 (Pa. 2014). In *Gary*, our Supreme Court adopted "the federal automobile exception to the warrant requirement, which allows police officers to search a motor vehicle when there is probable cause to do so and does not require any exigency beyond the inherent mobility of a motor vehicle." *Id.* at 104. Furthermore,

> [t]he Supreme Court of the United States has held that an odor may be sufficient to establish probable cause for the issuance of a search warrant. *United States v. Ventresca*, 380 U.S. 102 … (1965); *Johnson v. United States*, 333 U.S. 10 … (1948), as cited in *Commonwealth v. Stoner*, … 344 A.2d 633 ([Pa. Super.] 1975). In … *Stoner*, … this [C]ourt stated that the rationale used to establish probable cause in those Supreme Court cases applies equally well when determining the validity of a search of a movable vehicle. In *Stoner*, we analogized a "plain smell" concept with that of plain view and held that where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause.

*Commonwealth v. Stainbrook*, 471 A.2d 1223, 1225 (Pa. Super. 1984).

Appellant essentially argues that the trial court determined that Trooper Watkins possessed probable cause to search Appellant's vehicle based solely

on his smelling a faint or subtle odor of marijuana.   Appellant's Brief at 20.

He asserts that "the supposed detection of a 'very faint' and 'subtle' odor of

marijuana may give an officer reasonable suspicion to investigate further,

[but] it does not support a finding of probable cause necessary for a

warrantless search of an automobile."  *Id.*  Appellant further argues:

> [T]he Commonwealth will suggest that the detection of any odor of marijuana, no matter how slight, in and of itself is sufficient to establish probable cause.   However, neither **Stoner** nor its progeny's holdings establish such a bright-line rule. Rather, the **Stoner** Court noted that "it would be a dereliction of a duty for a police officer to ignore the **obvious aroma** of an illegal drug which he/she was trained to identify." **Stoner**, … 344 A.2d [at] 635 … (emphasis added).
>
> However, in order for the odor of marijuana to be "obvious[,"] it must be "easily discovered, seen, or understood."  MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/obvious (last visited June 18, 2019).   It goes without saying that something that is "subtle" and "faint" cannot be said to be "obvious[."]
>
> Although the Pennsylvania Supreme Court has never addressed the specific issue *sub judice*,[5] the case law is clear and Pennsylvania Courts have consistently held that the officer must detect a strong and obvious odor of marijuana; and must be able to point to other observations, criminal indicators, or a combination of both such that a probable cause determination must be viewed under the totality of the circumstances.
>
> [5] Appellant recognizes that the Pennsylvania Supreme Court recently decided **In Interest of A.A.**, 195 A.3d 896 (Pa. 2018), where the Court announced in *dicta* that "the odor of marijuana alone, particularly in a moving vehicle, is sufficient to support at least reasonable suspicion, if not the more stringent requirement of probable cause." **Id.** at 904. However, these statements were not central to the Court's holding, and the issue of whether or not the odor of marijuana alone is sufficient to support a finding of probable cause was not before the Court.  Rather, the question before

the Court in *In re A.A.* was "whether information obtained by a police officer during a lawful initial traffic stop may be used to justify re-engagement with the driver after the police officer indicates the driver is free to go, such that consent to search given during that re-engagement is valid. *Id.* at 898.

Appellant's Brief at 24-25.

Thus, Appellant contends that only an *obvious* smell of marijuana will independently support a finding of probable cause. He insists that a *subtle* or *faint* smell of marijuana only supports a finding of reasonable suspicion. However, this is not a case where the smell of marijuana was the sole basis for the finding of probable cause. As articulated by the trial court:

Trooper Watkins testified that [Appellant] appeared to be more nervous than what he believe[d] was usual for a normal traffic stop. More importantly, the Trooper testified that he smelled a strong odor of air freshener overtop a faint odor of marijuana coming from inside the vehicle. If this was the extent of the record, we may agree with [Appellant] that there is a lack of probable cause. However, in addition to the above information, [Appellant] admitted to smoking marijuana the day prior to the stop. Therefore, upon [Appellant]'s admission, the Trooper's sensory observations of the marijuana and masking air fresheners were affirmed, and [Appellant]'s nervous behaviors increased in relevance to the likelihood of criminal behavior.[5] Viewing all of the circumstances known to Trooper Watkins, we find that he possessed an articulable substantial basis to conclude that a search of [Appellant]'s vehicle would uncover evidence of criminal wrongdoing.

[5] We note that [Appellant] argues that his admission to smoking marijuana the day prior [to the] stop is not evidence in favor of the search, but rather evidence that the smell of marijuana was old and unrelated to the actual presence of a controlled substance in the vehicle. We disagree with [Appellant]'s premise that, in conducting his investigation, the Trooper must accept every statement made by [Appellant] as literal truth. Here, [Appellant] admitted to smoking marijuana after initially denying the

existence of the smell to the Trooper. We see no reason why the Trooper should then be constrained to unquestionably accept the timeline given by [Appellant]. Moreover, based upon the record, there was no indication of where [Appellant] smoked the marijuana. Indeed, if [Appellant] smoked marijuana inside the vehicle, there is certainly a heightened possibility of the continued presence of contraband.

Suppression Opinion at 6-7.

Appellant premises his claim on the false factual assertion that Trooper Watkins searched his vehicle based solely on the faint or subtle smell of marijuana. As that was clearly not the only basis for the trial court's determination that Trooper Watkins possessed probable cause, Appellant's claim is meritless.

Moreover, probable cause exists "where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Green*, 168 A.3d 180, 186–87 (Pa. Super. 2017) (quoting *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999)). Here, the trial court determined that Trooper Watkins possessed probable cause to search Appellant's vehicle based on 1) the subtle smell of marijuana, detectable from both sides of Appellant's car, in conjunction with 2) the presence of a masking agent, 3) Appellant's abnormally nervous behavior during the stop, and 4) Appellant's admission that he had smoked marijuana, after initially denying any knowledge of the smell. We ascertain no abuse of discretion in that determination. It was reasonable for Trooper Watkins to believe that

Appellant was committing a marijuana-related crime based on his observations.

Judgment of sentence **_affirmed_**.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/30/2019</u>