## FISHER *v.* LONGNECKER.

Unless process be served before the return day, proceedings before a justice of the peace are *coram non judice;* and if the defendant subsequently appear and insist' on the cause being heard, and judgment be given for defendant by default, it is but a judgment of nonsuit.

IN error from the Common Pleas of Dauphin county.

On the trial of an appeal from J. Lynch, Esq., the question was, whether defendant had sustained his plea of former recovery.

· He gave in evidence proceedings for the same cause before J. Walborn, Esq., commenced by summons returnable December 10th. The constable returned "that plaintiff did not want it served," whereupon the cause was continued. April 17th following, defendant required notice to be given to plaintiff to try the cause, which was served, and judgment for the default given for defendant.

The present action was commenced before Lynch, before the judgment above mentioned was rendered.

The court considered these proceedings a bar to the action.

*H. Alricks,* for plaintiff in error.

*McCormick,* contrà.

*June* 28. BELL, J.—It is conceded the action instituted by Justice Walborn, was for the same cause as that sued upon before Justice Lynch. The question then is, whether the judgment rendered by the former justice is conclusive of the controversy between the parties. At the time of its rendition the second suit was pending, and it appears to have been brought to the notice of the second justice by a certified transcript of the first record, though not formally pleaded in bar. This was first done when the appeal was called for trial in the Court of Common Pleas. But was not the whole proceeding before Justice Walborn *coram non judice* and void, after the return of the summons issued by him ? The act of 1810 points out, with much particularity, the mode and manner of proceeding by a justice of the peace, in causes instituted before him. The action is to be commenced by writ of summons or capias. If the former be the process used, it is to express the day upon which the defendant is commanded to appear, and it is to be legally served upon him, without which the justice cannot proceed a step. If it be not served before the return day, it is *functus officii,* and

should the plaintiff wish to prosecute his suit, he must sue out a new writ.  There is no means provided by which he can compel an appearance to the first, when it remains unserved on the defendant, though, questionless, the latter may appear voluntarily even after the return day, and the former may accept this appearance, and proceed to a determination of the cause.  But was there not, in this instance, a substantial discontinuance of the first action?  As appears by the transcript given in evidence, the plaintiff directed the constable not to serve the writ upon the defendant.  The entry is, "Constable returned the summons that the plaintiff did not want it served now.  Continued until further orders."  This direction was given some time prior to the 10th of December, 1843, the return day of the writ, and not having been retracted, as I conceive, put an end to the suit, and of course to the justice's power over the subject-matter of it.  Without a return of the summons "served," he had no·hold over the defendant; after an actual interference to bar the operation of the writ, which was in effect a discontinuance accepted by the justice, his grasp upon the defendant for the purpose of judgment was gone.  Neither party could reinvigorate the action without the assent of the other,·except by means of a new writ.  If this be so, it follows no action was pending before Mr. Walborn when the second suit was commenced, and consequently no judgment could have been rendered by him to affect the subsequent proceedings.

But were this otherwise, the first judgment cannot be pleaded either in abatement or in bar of the second suit.  Although not so denominated on the justice's docket, it was but a judgment of nonsuit, of which the costs had been paid, before plea pleaded by the defendant.  By the sixth section of the one hundred dollar act, it is expressly provided that, "in case the plaintiff does not appear, either in person or by agent, to substantiate his charge, the justice may then, or at such other day as he may deem reasonable, proceed to give judgment against him by *nonsuit,* for the costs, and fifty cents per day for the reasonable costs of the defendant, for his trouble in attending such suit."  Now a judgment of nonsuit puts an end to the pending action, without, however, concluding the rights of the parties.  These have not passed *in rem judicatum,* and consequently the plaintiff is at liberty to begin again.  And it is right it should be so.  Where a plaintiff does not appear to make good his claim or demand against the defendant, the justice does not pass upon the merits of the controversy, but simply mulcts the plaintiff in costs for his negligence and the trouble to which he has

put the defendant. The judgment of the justice is therefore expressly made the same as that which a court of record may render under similar circumstances. Even where there has been a trial before a jury, and the action has been determined against the plaintiff upon some merely technical ground, irrespective of the merits, the defendant cannot plead the judgment in bar of the subsequent action, except under particular circumstances; because, says the law, the cause of controversy has not been passed on by a competent tribunal. The reason is irresistible in its application to the first judgment rendered here. The plea of former recovery was therefore unsustained by the proof, and the judge below consequently erred in deciding otherwise.

Something was said on the argument of a failure, or want of consideration of the defendant's undertaking. But we see nothing in this. The plaintiff's offer of evidence, admitted to be well founded, discloses a sufficient consideration to support the defendant's promise.

Judgment reversed, and a <em>venire de novo</em> awarded.