440 A.2d 1226

**COMMONWEALTH of Pennsylvania,**

v.

**Michael PULLANO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Jan. 29, 1982.

Lawrence J. Hracho, Reading, for appellant.

George Yatron, District Attorney, Reading, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal from a judgment of sentence imposed for possession of controlled substances, appellant contends that the contraband was seized as a result of an unlawful search and that his motion to suppress, therefore, should have been granted. We disagree and, consequently, affirm the judgment of sentence.

At 9:45 p. m. on April 18, 1979, Reading City Police were present at 927 North Ninth Street, Reading, for the purpose of executing a valid search warrant for an apartment consisting of the second and third floors of the building. One of the officers, Francis Drexler, smelled a strong odor of marijuana which he determined to be emanating from the first floor apartment. He also heard raucous noises which led him to believe that a party was in progress in the apartment. He advised his superior, Detective Sergeant McGuire, of the odor. After the search of the upstairs apartment, which took approximately one hour, Officer Drexler, together with Sergeant McGuire and Officer Melvin Rosenberg, went down the stairs to the first floor apartment to ascertain the names of the occupants. Drexler knocked on the

door, and moments later the door was opened, revealing a group of persons surrounded by drug paraphernalia, marijuana cigarettes and butts. Officer Drexler announced his identity, entered the apartment, and approached one of the group who was holding several clear plastic bags of marijuana. The other two officers entered and observed Michael Pullano, the appellant, seated in a chair beside the door, holding a plastic vial which contained a pill and a small plastic bag. When he saw the police, appellant attempted to drop the vial but was prevented from doing so by Officer Rosenberg. Appellant was placed under arrest, and a search of his person revealed a pipe containing marijuana residue.

Appellant was charged with possession of marijuana and cocaine. He filed a motion to suppress, which was denied following hearing. At the subsequent trial a jury found him guilty on both counts. Post trial motions were dismissed, and sentence was imposed. Appellant argues that an illegal, warrantless search took place and that this required a suppression of the physical evidence found in his possession.

The officers at the scene had smelled a strong odor of burning marijuana and had heard noises suggesting that a party was then in progress. These were circumstances suggesting that criminal activity was underway within their presence. They were not required to ignore that activity. To "ignore the obvious aroma of an illegal drug which [they were] trained to identify" would have been a "dereliction of duty." *Commonwealth v. Stoner*, 236 Pa.Superior Ct. 161, 166, 344 A.2d 633, 635 (1975). By knocking on the door to make inquiry they were not acting unreasonably. They could properly and in the exercise of their duties investigate what was obviously a "pot" party. See: *Commonwealth v. Merbah*, 270 Pa.Superior Ct. 190, 411 A.2d 244 (1979). Indeed, at this point they already had probable cause to make an arrest.

Once the door was opened in response to a knock, the police officers in the hallway could readily observe numerous items of contraband. Where an officer who has not intruded into a constitutionally protected area sees contraband in

plain view, such evidence may be seized without a warrant. *Commonwealth v. Weimer*, 262 Pa.Superior Ct. 69, 396 A.2d 649 (1978). See also: *Commonwealth v. Harris*, 479 Pa. 131, 387 A.2d 869 (1978); *Commonwealth v. Bentley*, 276 Pa.Superior Ct. 41, 419 A.2d 85 (1980); *Commonwealth v. Gabrielle*, 269 Pa.Superior Ct. 338, 409 A.2d 1173 (1979).

■ The reasonableness of the conduct of the police is supported by the decided cases. Thus, in *Commonwealth v. Cohen*, 359 Mass. 140, 268 N.E.2d 357 (1971), the police had been summoned by the occupants of an apartment building to quell a disturbance in the nature of a loud party. As they approached the door, they detected the odor of marijuana and heard statements suggestive of marijuana use. The Supreme Court of Massachusetts held that the police had probable cause to believe that a crime was being committed and could knock on the door and, without a warrant, seize the drugs and drug paraphernalia which were in plain view when the door was opened.

In *State v. McGuire*, 13 Ariz.App. 539, 479 P.2d 187 (1971), a police officer had been informed that the smell of burning marijuana was coming from an apartment. As he approached and knocked on the door, the officer was also able to detect the odor of marijuana and noted a commotion in the apartment. After the door had been opened and the officer admitted, he heard the flushing of a toilet and ran to the bathroom where he found a marijuana cigarette floating in the toilet. In holding that the officer had probable cause to enter and arrest without a warrant, the Court said: "The weight of authority, and we believe the better rule, holds that the offense is committed in the presence of an officer when the officer receives knowledge of the commission of an offense in his presence through any of his senses." 479 P.2d at 189.

Similarly, in *Vaillancourt v. Superior Court for County of Placer*, 273 Cal.App.2d 791, 78 Cal.Rptr. 615 (1969), the Court held that police officers had probable cause to enter a hotel room and effect an arrest when, while walking down a hotel hallway, they detected the smell of burning marijuana. See also: *State v. Means*, 177 Mont. 193, 581 P.2d 406 (1978).

Finally, this Court, in *Commonwealth v. Stoner*, supra, held that where a vehicle had been stopped for a traffic violation and the arresting officer smelled marijuana and observed marijuana seeds and leaves in the car's interior, the police had probable cause to believe that contraband was in the car and could make a warrantless search.

We conclude, therefore, that the police had probable cause to believe that a crime was being committed, and when the door of the apartment was opened to them, they could arrest without warrant and could seize that contraband which was in plain view.

The judgment of sentence is affirmed.

HOFFMAN, J., concurs in result.

PRICE, J., did not participate in the consideration or decision of this case.